**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS LEE RAWLS, | No. 07-56455 |
| Petitioner - Appellant, | D.C. No. CV-03-00724-MMM(AN) |
| v. | |
| MELVIN HUNTER, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted December 11, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Marcus Lee Rawls appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28

U.S.C. § 2253. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The California Court of Appeal (the Court of Appeal) held that it was clear error to place Rawls in visible restraints during his civil commitment proceeding, but concluded that the error was harmless. Rawls argues that the Court of Appeal's harmless error analysis was erroneous because it failed to apply the *Chapman* harmless error standard. *See Chapman v. California*, 386 U.S. 18 (1967). However, at the time of the Court of Appeal's decision, it was not clearly established that a jury's brief view of a defendant in unjustified restraints amounted to constitutional error.[1] *See, e.g., United States v. Olano*, 62 F.3d 1180, 1190 (9th Cir. 1995) ("[A] jury's brief or inadvertent glimpse of a defendant in physical restraints is not inherently or presumptively prejudicial to a defendant. [Defendant] must demonstrate actual prejudice to establish a constitutional violation."). Therefore, the failure to apply *Chapman* was not contrary to clearly established Supreme Court precedent.

Rawls next argues that the Court of Appeal came to an unreasonable determination of the facts when it found that the jury only briefly "glimps[ed]" him

---

[1]Rawls relies on *Deck v. Missouri* for the proposition that *any* visible unjustified shackling is constitutional error. 544 U.S. 622, 630-35 (2005). However, *Deck* was decided after Rawls' conviction became final. "'Clearly established' federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final." *Libberton v. Ryan* 583 F.3d 1147, 1161 (9th Cir. 2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000)). We therefore cannot rely on *Deck* in answering the question whether the state court's decision constituted an unreasonable application of clearly established federal law.

in shackles. However, Rawls has failed to point to any "clear and convincing evidence" that the jury saw his shackles at any point other than when he took the oath, 28 U.S.C. § 2254(e)(1), nor has he requested an evidentiary hearing on the issue. 28 U.S.C. § 2254(e)(2). He therefore has not met his burden of rebutting the presumption that the state court's determination of the facts was correct. *Id*.

Rawls also challenges the Court of Appeal's conclusion that the limitations the trial court placed on his cross-examination of the state's expert witness did not violate Due Process. The trial court refused to permit Rawls to cross-examine the state's expert about her reliance on a penile plethysmograph (PPG) test. The Court of Appeal concluded that this limitation did not violate Due Process because the expert's reliance on the PPG test was a "minor" or "subsidiary" point. Rawls argues that this was an unreasonable determination of the facts. We disagree. The Court of Appeal's determination is not unreasonable in light of the expert's testimony that her opinion would not have been different absent the PPG results and that the test merely corroborated other information on which she had relied.

Because we hold that the state court's decision was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts, we affirm the district court's denial of Rawls' habeas petition.

AFFIRMED.